## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**MARVIN MAYNARD,**
**Claimant Below, Petitioner**

**FILED**

**May 16, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs.)    No. 11-1228** (BOR Appeal No. 2045625)
                        (Claim No. 2001012804)

**SPARTAN MINING COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner, Marvin Maynard, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Spartan Mining Company, by Sean P. Harter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 29, 2011, in which the Board affirmed a February 16, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 10, 2011, order. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Marvin Maynard was a coal miner working for Spartan Mining Company on August 28, 2000, when the shuttle car that he was driving hit a hole.  Mr. Maynard was then thrown into the canopy of the vehicle and sustained injuries to his neck and back.  Mr. Maynard's claim was held compensable for lumbar and neck sprains.

On January 12, 2007, Mr. Maynard submitted a claim seeking permanent total disability. Mr. Maynard had a number of previous workers' compensation claims and awards including a 7% permanent disability award for his low back in 1996, a 6% permanent partial disability for a

1

neck injury in 1999, and a 25% whole person impairment affirmed by the Board of Review on September 25, 2006, for occupational pneumoconiosis.

The Wells Fargo Disability Management Permanent Total Disability Reviewing Board found Mr. Maynard's total impairment to be 37% whole person impairment and that he failed to meet the 50% whole person impairment threshold required for further consideration of a permanent total disability award pursuant to West Virginia Code § 23-4-6(n)(1) (2005). On September 29, 2009, the claims administrator denied Mr. Maynard's claim for permanent total disability because he had not met the threshold impairment for total disability eligibility.

Mr. Maynard submitted the July 8, 2010, permanent total disability examination report prepared by Dr. Victor Poletajev. Dr. Poletajev utilized the combined values tables on page 322 of the American Medical Association's Guide to the Evaluation of Permanent Impairment, (4th Edition, 1993), and combined 29% for the cervical and lumbar spine, 25% for pneumoconiosis, and 7% for the left shoulder finding the claimant 51% whole person impairment for his petition for permanent total disability. When Dr. Poletajev utilized Rule 20 and combined the 25% for pneumoconiosis, 18% for cervical spine, and 13% for the lumbar spine and 7% for the left shoulder for 51% and concluded the claimant had met the threshold of 50%.

Spartan Mining Company submitted reports by two doctors; Dr. Prasadarao B. Mukkamala and Dr. Joseph E. Grady II. Dr. Mukkamala applied the provisions of the American Medical Association's Guide to the Evaluation of Permanent Impairment, and concluded that the claimant had a combined total of 37% whole person impairment. Dr. Mukkamala reached this conclusion by combining the 25% whole person impairment for occupational pneumoconiosis, 8% whole person impairment for the low back and lumbar spine and 8% whole person impairment for the neck and cervical spine.

Dr. Grady found 3% impairment for range of motion of each shoulder. Because it was not limited to the injured left shoulder, he could not attribute the range of motion loss to the 1996 injury. He, therefore, apportioned out any impairment rating for the shoulder as a degenerative change. Utilizing Rule 20, Dr. Grady recommended 15% impairment of the whole person for the orthopedic injuries.

The Office of Judges found that Mr. Maynard had failed to demonstrate by a preponderance of the evidence that Mr. Maynard had a total whole body impairment of at least 50% resulting from his work injuries and diseases. The Office of Judges also found that the report of Dr. Victor Poletajev had no weight for failure to abide by the standards for determination of impairment due to work injuries.

The Board of Review reached the same reasoned conclusion in its decision of August 10, 2011. We agree with the reasoning and conclusions of the Office of Judges and the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 16, 2013**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

Chief Justice Brent D. Benjamin, Disqualified